Case 1:10-cv-00211-MP-GRJ Document 22 Filed 01/03/12 Page 1 of 10
Case 1:98-cr-00005-MP-GRJ Document 55 Filed 11/09/11 Page 1 of 10

Page 1 of 10

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.                                              CASE NO. 1:98-cr-5-MP -GRJ

BRODDRICK DESHON MONGO,

_____/

## REPORT AND RECOMMENDATION

This case came before the undersigned for oral argument on Defendant's pending motions for postconviction relief. See Doc. 29, Defendant's *pro se* letter motion for correction of his sentence, and Doc. 39, Defendant's amended motion pursuant to 28 U.S.C. § 2255, filed through appointed counsel. For the following reasons, the undersigned recommends that the motions be denied.

### Background

Defendant's postconviction motions stem from his guilty plea to one count of a superseding indictment charging him with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C §§ 922(g) and 924(e). Defendant was sentenced on August 7, 1998, to 180 months' imprisonment as an Armed Career Criminal based on three prior felony convictions, including a 1996 Florida conviction for battery on a law enforcement officer (BOLEO). Defendant did not appeal. He is presently incarcerated at FCC Coleman, within the Middle District of Florida.

Defendant's letter motion, Doc. 29, concerns the Bureau of Prison's calculation of his sentence. Defendant contends that the BOP originally calculated his release date as February 25, 2011, allowing credit for time spent in the custody of the State of

Case 1:10-cv-00211-MP-GRJ Document 22 Filed 01/03/12 Page 2 of 10
Case 1:98-cr-00005-MP-GRJ Document 55 Filed 11/09/11 Page 2 of 10

Page 2 of 10

Florida for a conviction and sentence imposed following his federal conviction. The BOP subsequently determined that Defendant was not entitled to such state custody credit, and recalculated Defendant's sentence. Defendant now has a projected release date of June 25, 2021. Defendant seeks a new sentencing judgment *nunc pro tunc* to reflect that his federal sentence should run concurrent to his State of Florida sentence.

Defendant's amended § 2255 motion, Doc. 39, asserts that he is entitled to resentencing due to changes in the substantive law controlling his qualification as an Armed Career Criminal. Specifically, Defendant argues that the Florida offense of battery upon a law enforcement officer no longer qualifies as a violent felony for purposes of sentencing under the ACCA. *See United States v. Williams*, 609 F.3d 1168, 1169-70 (11th Cir. 2010) (holding that, in light of *Johnson v. United States*, 130 S. Ct. 1265 (2010), the fact of a conviction for felony battery on a law enforcement officer in Florida, standing alone, no longer satisfies the "crime of violence" enhancement of the sentencing guidelines).

The Government filed a motion to dismiss Defendant's letter motion for lack of jurisdiction, arguing that the relief sought with respect to Defendant's sentence calculation is unavailable under § 2255, but must be sought by way of a § 2241 habeas corpus petition in the district in which Defendant is confined. Doc. 40. The Government filed a response to the amended § 2255 motion, arguing that even without Defendant's prior conviction for battery on a law enforcement officer Defendant had three prior convictions for serious drug offenses that qualify as predicate offenses for purposes of ACCA sentencing. In a footnote, the Government states that the amended § 2255 motion is barred by the statute of limitations, and that Defendant's sentencing

Case 1:10-cv-00211-MP-GRJ   Document 22   Filed 01/03/12   Page 3 of 10
Case 1:98-cr-00005-MP-GRJ   Document 55   Filed 11/09/11   Page 3 of 10

Page 3 of 10

claims are procedurally defaulted. Doc. 44 & n. 2. In reply, Defendant contends that without a new sentencing hearing his right to due process would be violated if other predicate convictions were substituted for purposes of ACCA sentencing. Defendant maintains that his sentence-calculation claim may properly be considered in this Court, and that he has exhausted all BOP remedies with respect to that claim.

## Sentence-Calculation Claim

With respect to Defendant's sentence-calculation claim, Defendant concedes that the Court's judgment did not provide that Defendant's federal sentence should run concurrent with a subsequent state sentence. Defendant requested that the BOP review his case for *nunc pro tunc* designation of the state prison for service of his federal sentence, and award custody credit for time spent in state prison towards Defendant's federal sentence. Defendant submitted a copy of the BOP's administrative remedy response denying the request, in which the BOP represents that it reviewed the request in accordance with 18 U.S.C § 3621(b), and determined that the statutory factors did not warrant *nunc pro tunc* designation. Doc. 45.

Under these circumstances, if Defendant is dissatisfied with the BOP's resolution of his request and determination of his custody credits, his remedy is to file a 28 U.S.C. § 2241 habeas corpus petition challenging the BOP's execution of his sentence. It is well established that the BOP is charged with the responsibility of sentence computation and other administrative matters regarding the length of a prisoner's confinement. *United States v. Wilson*, 503 U.S. 329, 335 (1992) ( "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."); *Hicks v. Jordan*, 165 Fed. Appx. 797

Case 1:10-cv-00211-MP-GRJ   Document 22   Filed 01/03/12   Page 4 of 10
Case 1:98-cr-00005-MP-GRJ   Document 55   Filed 11/09/11   Page 4 of 10

Page 4 of 10

(11th Cir. 2006) (§ 2241 case seeking *nunc pro tunc* credit; noting that the "Attorney General has the authority to determine what credit, if any, is due a prisoner for time served, and the Attorney General has delegated the right to make this determination to the BOP."); *Pierce v. Holder* 614 F.3d 158, 160 (5th Cir. 2010) ("Where a federal sentence was imposed before a state sentence, the BOP may indirectly award credit for time served in state prison by designating *nunc pro tunc* the state prison as the place in which the prisoner serves a portion of his federal sentence.") (citing *Barden v. Keohane*, 921 F.2d 476, 480 (3d Cir.1990)). In *Pierce*, the Fifth Circuit noted that the sentencing court lacked jurisdiction to modify a sentence in order to preclude a prisoner's request for time credit, because the determination as to whether to make a *nunc pro tunc* designation is within the BOP's discretion. *Pierce*, 614 F.3d at 160 n.1 (citing *Wilson*, 503 U.S. at 335).

A § 2241 habeas corpus petition challenging the duration of a prisoner's confinement must be filed in the federal judicial district encompassing the facility where he is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004). Defendant presently is confined at FCC Coleman, which is within the jurisdiction of the Middle District of Florida, and accordingly his challenge to the BOP's denial of *nunc pro tunc* designation should be filed in that District.

For these reasons, Defendant's motion seeking relief with respect to the BOP's determination of credits on his federal sentence and *nunc pro tunc* designation is not cognizable in this Court, and the motion should be denied.

Case 1:10-cv-00211-MP-GRJ   Document 22   Filed 01/03/12   Page 5 of 10
Case 1:98-cr-00005-MP-GRJ   Document 55   Filed 11/09/11   Page 5 of 10

Page 5 of 10

## ACCA Sentencing Claim

### (1) Procedural Default

Prior to the oral argument in this case, the Government filed a Notice of Supplemental Authority in support of its assertion that Defendant's ACCA sentencing claim was procedurally defaulted because Defendant did not raise the claim on appeal, and such procedural default bars consideration of the claim in the instant § 2255 motion. Doc. 50 (citing *McKay v. United States*, 657 F.3d 1190 (11th Cir. 2011)).

In *McKay*, the defendant pleaded guilty in March 2006 to four controlled-substance offenses, and was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 because of prior felony convictions for (1) carrying a concealed weapon, a crime of violence under the Guidelines, and (2) a controlled-substance offense. The defendant did not object to the career-offender enhancement and did not appeal. In October 2008, the defendant filed a *pro se* motion pursuant to 28 U.S.C § 2255 arguing that in light of *Begay v. United States*, 553 U.S. 137 (2008); and *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008), his prior conviction for carrying a concealed weapon no longer qualified as a "crime of violence" for purposes of career-offender sentencing. The defendant argued that his procedural default of the claim should be excused because he was "actually innocent" of his career offender sentence.

The district court concluded that the claim was a nonconstitutional sentencing claim that was not cognizable under § 2255 because it could have been raised on direct appeal. On appeal, the Eleventh Circuit declined to decide whether the claim was cognizable under § 2255. Instead, the Court concluded that the defendant's sentencing claim was procedurally defaulted. The Court explained that the defendant's

Case 1:10-cv-00211-MP-GRJ Document 22 Filed 01/03/12 Page 6 of 10
Case 1:98-cr-00005-MP-GRJ Document 55 Filed 11/09/11 Page 6 of 10

Page 6 of 10

procedural default could be excused only if one of the two exceptions to the procedural default rule applied: (1) cause and prejudice, or (2) a miscarriage of justice, or actual innocence. *McKay*, 657 F.3d at 1196. The defendant did not argue that the cause-and-prejudice exception applied, and so the Court considered whether the actual innocence exception applied to excuse the procedural default. The Court discussed the contours of the actual-innocence exception and its application in the Supreme Court and other Circuits. The Court concluded as follows:

> With these principles in mind, we face the question of whether the actual innocence of sentence exception applies to McKay's claim that he was erroneously sentenced as a career offender because one of his prior convictions does not qualify as a "crime of violence." To answer this question, we need not enter the debate regarding whether the actual innocence exception extends to the noncapital sentencing context. Even assuming that this exception does extend beyond the capital sentencing context, it still does not apply to McKay because his claim is one of legal, rather than factual, innocence and thus fails to fall within the actual innocence exception's purview . . . . We thus decline to extend the actual innocence of sentence exception to claims of legal innocence of a predicate offense justifying an enhanced sentence. In so doing, we heed the Supreme Court's instruction to exercise restraint in expanding the procedural default rule's exceptions. We also keep the actual innocence exception narrow, and ensure that this exception remains 'rare' and is only applied in the 'extraordinary case.'

*Id.* at 1198 (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

The Court finds that *McKay* controls the outcome of Defendant's sentencing claim. Defendant's claim is procedurally defaulted, and he does not argue that the cause-and-prejudice exception applies to excuse the default. Defendant contends that he is actually innocent of his career offender sentence because the Florida offense of BOLEO is not a crime of violence for ACCA sentencing purposes, but the actual

Case 1:10-cv-00211-MP-GRJ   Document 22   Filed 01/03/12   Page 7 of 10
Case 1:98-cr-00005-MP-GRJ   Document 55   Filed 11/09/11   Page 7 of 10

Page 7 of 10

innocence exception does not extend to such claims of legal innocence of a predicate offense justifying an enhanced sentence. *Id.*

## (2) Merits

Even if Defendant's sentencing claim was not procedurally defaulted, the Court finds that he is not entitled to relief on the merits of the claim. The Eleventh Circuit has addressed what information the sentencing court may consider in determining whether a BOLEO conviction qualifies a defendant for enhanced sentencing. In *United States v. Cortes*, 2011 WL 2079401 (11th Cir. 2011) (unpublished), the Court affirmed an enhanced sentence under U.S.S.G. Chapter 2 for which one of the qualifying offenses was BOLEO, explaining as follows:

> Generally, when determining whether a prior conviction is a qualifying offense for purposes of a sentencing enhancement, we use a modified categorical approach, looking at the fact of the conviction, the statutory definition of the prior offense, and, if the statute encompasses conduct falling both inside and outside the enhancement, certain *Shepard*-approved documents, such as the charging document, written plea agreement, transcript of the plea colloquy and explicit findings of fact. *United States v. Rainer*, 616 F.3d 1212, 1215 (11th Cir.2010) (involving ACCA enhancement), *cert. denied*, —— U.S. ——, 131 S.Ct. 968, 178 L.Ed.2d 796 (2011); *United States v. Palomino Garcia*, 606 F.3d 1317, 1327–29 (11th Cir.2010) (involving sixteen-level enhancement in U.S.S.G. § 2L1.2(b)(1)(A)(ii)); *see also Shepard v. United States*, 544 U.S. 13, 16, 125 S.Ct. 1254, 1257, 161 L.Ed.2d 205 (2005).

> [T]his Court concluded that, when applying the categorical approach, "the fact of a conviction for felony battery on a law enforcement officer in Florida, standing alone, no longer satisfies the 'crime of violence' enhancement criteria" of physical force. *United States v. Williams*, 609 F.3d 1168, 1169–70 (11th Cir.2010). The *Williams* court explained that under Florida's battery statute, a person could commit a battery by either actually and intentionally touching someone or by intentionally causing bodily harm to someone. *Id.* at 1170. The *Williams* court concluded that there was "no evidence in the record, that we may consider under [*Shepard*] to clarify under which of these provisions Williams was convicted." *Id. Williams* relied upon *Johnson v. United States*, 559 U.S.

——, 130 S.Ct. 1265, 1271, 176 L.Ed.2d 1 (2010), which concluded that the phrase "physical force" in the ACCA, 18 U.S.C. § 924(e)(2)(B)(i), meant "violent force"—that is, "force capable of causing physical pain or injury to another person." *Johnson*, 559 U.S. at ——, 130 S.Ct. at 1271; see also *Williams*, 609 F.3d at 1169.

Cortes argues that, after *Williams* and *Johnson*, his Florida convictions for battery on an officer and resisting an officer with violence categorically do not qualify as "crimes of violence" for purposes of § 2L1.2(b)(1)(A). The problem for Cortes is that he did not dispute the facts in paragraph 28 of the PSI, which show that Cortes's Florida offenses did involve violent force. In fact, it is undisputed that Cortes's offenses involved violently shoving an officer and then later punching an officer in the chest.

At sentencing, the district court may rely on facts contained in the PSI that are undisputed and deemed admitted. See *United States v. Bennett*, 472 F.3d 825, 832–34 (11th Cir.2006). To the extent Cortes argues for the first time on appeal that the facts in paragraph 28 were drawn from non- *Shepard*-approved materials, he has not preserved that argument for appellate review. See *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir.2007) (explaining that the "failure to object to a district court's factual findings [as to the nature of the prior offense] precludes the argument that there was error in them"). Therefore, the district court did not err in concluding that Cortes's Florida withheld adjudications for two counts of battery on an officer and one count of resisting an officer with violence were "crimes of violence" within the meaning of U.S.S.G. § 2L1.2(b)(1)(A).

*Cortes*, 2011 WL 2079401 *3-*4. The Eleventh Circuit reached a similar conclusion in *United States v. Jones*, 408 Fed. Appx. 258 (11th Cir. 2011), affirming a career-offender sentence predicated on a BOLEO conviction in which the PSR established that the Defendant "pushed the officer to the ground by using both hands." The Court determined that "because [defendant] did not object to this description, the district court could properly consider it to determine which statutory phrase was the basis for his conviction." *Jones*, 408 Fed. Appx. at 261. On the basis of the description of the facts in the PSR, the Court concluded that "the district court did not plainly err in finding that

Case 1:10-cv-00211-MP-GRJ   Document 22   Filed 01/03/12   Page 9 of 10
Case 1:98-cr-00005-MP-GRJ   Document 55   Filed 11/09/11   Page 9 of 10

Page 9 of 10

Jones was convicted of intentionally striking a law enforcement officer and that a conviction under that portion of the statute necessarily involves the use of substantial physical force capable of causing physical pain or injury." *Id.* at 261-62 (citing *Johnson*, 130 S.Ct. at 1270–71).

In this case, Defendant concedes that the facts contained in his PSR – which were undisputed and therefore deemed admitted – reflect the following regarding his BOLEO conviction:

> On July 31, 1995, a correctional officer at the Levy County Jail observed Mongo in a shower at the Levy County Jail, smoking what appeared to be a marijuana cigarette. When the correctional officer approached Mongo, Mongo attempted to throw the alleged marijuana cigarette away. The defendant also pushed the correctional officer and a scuffle ensued.

PSR ¶ 33.

These facts support a conclusion that Defendant's BOLEO offense did involve the use of violent force, and that the sentencing court properly concluded that the offense qualified Defendant for ACCA sentencing. *See Jones*, 408 Fed. Appx. at 261-62; *Cortes*, 2011 WL 2079401 *3-*4.

Further, as the Government argues, Defendant's unobjected-to PSR reflects that Defendant had at least three prior controlled-substance convictions for sale of cocaine "committed on occasions different from one another" that would have qualified him for ACCA sentencing, in addition to the offenses referenced in the Superseding Indictment. *See* Doc. 15; PSR ¶¶ 18, 25-31; 18 U.S.C § 924(e). Defendant argues that such other convictions cannot support the enhancement because they were not referenced in the superceding indictment. The government, however, was not required to do so because § 924(e) is mandatory and the qualifying offenses do not need to be charged in the

indictment. *See United States v. Gibson*, 64 F.3d 617, 625-26 (11th Cir. 1995); *United States v. Cobia*, 41 F.3d 1473, 1475-76 (11th Cir. 1995). Defendant has not met his burden of showing that the offenses identified in the PSR were not separate convictions such that he would be entitled to a new sentencing hearing.

## Conclusion

In light of the foregoing, it is respectfully **RECOMMENDED**:

That the motion for correction of sentence, Doc. 29, and motion to vacate, Doc. 39, be **DENIED** and that a certificate of appealability be **DENIED**.

**IN CHAMBERS** this 9th day of November 2011.

s/ Gary R. Jones
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

*Case No: 1:98-cr-05-MP -GRJ*

CERTIFIED A TRUE COPY
Jessica J. Lyublanovits
By: _____
Deputy Clerk